MILES HOMES, INC., OF NEBRASKA, APPELLANT, v. WALTER A. MUHS, JR., ET AL., APPELLEES.

169 N. W. 2d 691

Filed July 25, 1969. No. 37199.

Barney, Carter & Buchholz and Brogan & Monen, for appellant.

McFadden & Kirby, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Defendants gave an unacknowledged mortgage on their homestead to plaintiff, a materialman, in order to

finish their dwelling house. In this foreclosure suit the district court dismissed plaintiff's petition on the ground that the mortgage without defendants' formal acknowledgment was unenforceable. Plaintiff has appealed.

Defendants, Walter A. Muhs, Jr., and wife, had purchased an acre tract in Stanton County, Nebraska, from his parents. The price for the tract which formed a part of a quarter section owned and occupied by his parents, was $1. In October 1960 defendants established their homestead in a small trailer and lean-to on the land. In the spring of 1961 leaks in their trailer caused them to move into the parents' farmhouse, where they were to reside the next 2¾ years. In June 1961 they began to construct the basement for their dwelling house on the land.

On May 24, 1962, defendants issued their installment note for $9,288 payable to plaintiff, stating: "This note is secured by a mortgage of even date executed by the undersigned . . . and represents payment . . . for materials . . . used in the improvement . . . of the property described in said mortgage." The mortgage was signed and delivered without defendants' acknowledgment. Subsequently, but prior to recordation on February 4, 1963, it was altered by addition of a false certificate of acknowledgment. The building materials went into construction of the house. The oral agreement to sell the acre tract to defendants was performed by a conveyance dated and recorded in March 1964.

The statutory exemption, the acknowledgment requirement, and some of the exceptions read: "A homestead not exceeding in value two thousand dollars, consisting of the dwelling house . . ., its appurtenances, and the land on which the same is situated, . . . shall be exempt from . . . forced sale, except as provided in sections 40-101 to 40-117 . . .." § 40-101, R. R. S. 1943. "The homestead is subject to . . . forced sale in satisfaction of judgments obtained (1) on debts secured by mechanics', laborers', or vendors' liens upon the premises; and (2)

on debts secured by mortgages upon the premises executed and acknowledged by both husband and wife, or an unmarried claimant." § 40-103, R. R. S. 1943. "The homestead of a married person cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both husband and wife . . .." § 40-104, R. R. S. 1943.

The status of an unacknowledged improvement mortgage on a homestead is not settled. A related problem arose in City Savings Bank v. Thompson, 91 Neb. 628, 136 N. W. 992, 41 L. R. A. N. S. 89, a proceeding for foreclosure of a land contract that the vendee's husband had refused to sign. The wife had contracted with the intention of moving their dwelling house to the land purchased. The agreement included as purchase money the vendor's loan for the house-moving and other improvements on the land. The court on a 4-3 division decided that the improvement loan was no part of the purchase money. The majority opinion emphasized the husband's refusal to sign the agreement which related to his preexisting homestead interest in the house.

The statutory provisions for vendors' and mechanics' liens reflect a policy against acquisition or improvement of a homestead without payment. The policy limits the requirement for both spouses' acknowledgment, a requirement probably conceived to prevent coercion of the wife. See, Foster, "The Nebraska Homestead," 3 Neb. L. Bull., 353, 369; Haskins, "Homestead Exemptions," 63 Harv. L. Rev., 1289, 1305.

Lack of the statutory acknowledgment to an improvement mortgage on a homestead does not preclude enforcement of the mortgage. The City Savings Bank case to the extent of conflict is disapproved. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

WHITE, C. J., dissenting.

I respectfully dissent. The statute says: "The homestead is subject to . . . forced sale in satisfaction of judg-

ments obtained (1) on debts secured by mechanics', laborers', or vendors' liens upon the premises; and (2) *on debts secured by mortgages* upon the premises executed and *acknowledged* by both husband and wife, or an unmarried claimant." § 40-103, R. R. S. 1943. "The homestead of a married person cannot be conveyed or encumbered unless the instrument by which it is *conveyed or encumbered* is executed and *acknowledged* by both husband and wife . . .." § 40-104, R. R. S. 1943. (Emphasis supplied.)

I think the statute means what it says.